Cushing, J.
The action in the court below was for the partition of two tracts of land, 50 acres and 17.23 acres. The petition states that Eugene, Elsie and Thaddius H. Vandervert were the children and heirs at law of Edith Clark, deceased, that she was the daughter of Samantha J. Clark, and that Samantha J. Clark was the daughter of Josiah McKibben; that they are each entitled to an undivided one-tenth of the land described above; that Arthur Clark and Nina Deady, and the defendants in error, Atwood Clark and Alta Jones, each own an undivided one-fifth of said real estate.
Arthur Clark in his answer denied that Edith Clark was a devisee under the will of Josiah Me *165 Kibben, deceased, and denied that the plaintiffs had any title or interest in said real estate. In a cross-petition he states that Josiah McKibben died testate in 1889, seized in fee of the real estate described in the petition; and that he devised the 50-acre tract to Samantha J. Clark, a daughter, in fee.
Samantha Clark died April 1, 1919, testate. It is claimed she was seized in fee of both the 50-acre tract and the 17.23-acre tract. She devised all of said real estate to Arthur Clark and Nina Deady, share and share alike.
Arthur Clark in his cross-petition claimed to own and be seized in fee of an undivided half of both of said tracts of land and averred that Nina Deady was the owner of the other half. In her cross-petition Nina Deady adopts the allegations of the cross-petition of Arthur Clark and claims the same relief sought by him.
The reply to these pleadings claims that Samantha J. Clark had a life estate only in the premises and that she had no power or authority to dispose of the property by will or otherwise; that the title to this property vested according to the will and codicil of Josiah McKibben. That will in so far as it relates to Samantha J. Clark is as follows:
“I hereby give, devise and bequeath to my daughter, Samantha J. Clark, her heirs and assigns forever, Fifty acres of land I bought of Nathan Hunter, her said land to extend from the north-west to the south-east, the entire width of said Flunter land, and extend north-west for quantity. And I also give her, her heirs and assigns, for the use and benefit of the said 50 acres, a reasonable right of way through the remainder of the *166 said Hunter lands to the College Township Road, to be provided by the owners of the remainder of said Hunter lands, in such place as will be of most advantage to said 50 acres and the least damage to the said remainder.”
This provision of the will gives Samantha J. Clark a fee in the 50 acres. The will was executed February 12, 1878. Pursuant to its provisions the children of Josiah McKibben on October 14, 1889, quitclaimed to each other any interest they had in the separate tracts of land devised. Prior to that time, on June 4, 1885, Josiah McKibben executed a codicil to his will. The part to be considered in this litigation reads as follows:
“1 give devise and bequeath to my beloved children John L. McKibben Francis M. McKibben William T. McKibben Samantha J. Clark and Rosilla Johnson all the rest residue and remainder of my estate real and personal not disposed of in the foregoing will to be equally divided between them in manner as follows viz — They my said beloved children shall select two or three judicious neighbors who shall divide my said lands into five equal parts — equal in number of acres and assign to each one their particular part — and my will is that my personal property after my just debts and funeral expenses are paid shall be divided and disposed of in a similar manner as my real estate except that my beloved daughter Amanda Cast shall have an equal share of said personal property. In the division of my said lands my will is that my said son William T. McKibben shall have as part of his share a three cornered piece of land containing about one acre adjoining the lands he now owns *167 and the lands of Betsy Brown and lying north of the State road. Further my will is that the lands devised and bequeathed to my beloved daughters Samantha J. Clark and Rosilla Johnson shall be to them and to their children and lastly I do nominate and appoint my beloved son William T. McKibben as executor of this my last will and testament.”
It will be noted that the original will disposed of specific property, but did not contain a residuary clause. The first codicil refers to the will and adds “all the rest residue and remainder of my estate real and personal not disposed of in the foregoing will to be equally divided between them in manner as follows.” This is a disposition of the residue of the testator’s estate, whether accumulated after the making of the will, or undisposed of by him in the will. Thus far the intention of the testator is clear.
Looking to’ other provisions of the codicil as throwing light on the intention of the testator it will be observed that in giving William T. McKibben a three-cornered piece of land the word “land” -is used. In the same paragraph he disposes of what he terms “lands.” Was that a part of the rest, residue and remainder of his estate, mentioned in the codicil, or did he intend to include with the 17.23 acres given by the codicil the SO acres given to Samantha J. Clark by the will? The language of the codicil is: “Further my will is that the lands devised and bequeathed to my beloved daughters Samantha J. Clark and Rosilla Johnson shall be to them and to their children.”
From the use of the plural, “lands,” and the language, “to them and to their children,” it is argued that in so far as the devise to Samantha J. Clark is *168 concerned the testator intended to include both tracts.
Considering the will and codicil together it seems clear that the use of the word “lands” by the testator referred to the land devised to Samantha J. Clark and Rosilla Johnson rather than to the two tracts given to Samantha J. Clark.
On this state of the record several questions of .law are presented.
The law is that a devise by clear and unequivocal terms cannot be cut down by language not equally clear and certain. Parker et al. v. Parker’s Admr. et al., 13 Ohio St., 95; 1 Jarman on Wills (6 Am. ed.), 480 (*443); Thornhill v. Hall, 2 Clark & Finn., 22; Clark, Exrx., v. Trustees of Hardwick Seminary, 3 C. C., 152, and Collins v. Collins, 40 Ohio St., 353.
It is our duty to determine from the will the intention of the testator. 1 Schouler on Wills (5 ed.), Section 466.
Our view of the contention of counsel that the word “lands” refers to the 50 acres and the 17.23 acres given to Samantha J. Clark is that the limitation in the codicil was the real and personal property not disposed of by the will, and that such limitation precludes the idea that the testator in executing the codicil had it in mind to in any way change the original bequest. The word “lands,” therefore, used in the codicil, referred to the tracts therein devised to Samantha J. Clark and Rosilla Johnson, and it was not his intention to change the original bequest.
It is further argued that the use of the preposition “to” after the conjunction “and” in the phrase *169 “to.Samantha J. Clark and to her children,” gave a different meaning to the will. The argument is carried to the extent that counsel insist that where the preposition is used it means to Samantha J. Clark and then to her children, giving her a life estate. Had the testator intended such a limitation on the bequest, simple language would have expressed that intent. There is no authority authorizing a court to read into a will a word or phrase. Considering the language used, there can be no difference between the-words “to her and to her children” and the words “to her and her children.” The preposition is understood after the conjunction and the addition of it in this will is superfluous.
The law is that under a gift to a wife and children they take as tenants in common. There are a number of decided cases holding- that the language under consideration gives the wife a life estate and the children the fee. In all of those cases the question was not determined from the language alone. It was only so decided when the language was considered in connection with other provisions of the will. ^
The word “children,” when used in the connection it is in this codicil, has a technical meaning and imports a title by purchase. (Newill v. Newill, 7 Chancery App., 253.) There are no provisions or references in the will indicating that the testator intended other than that-the ordinary legal meaning of children should have its full force and effect, nor are there any provisions in the will from which a conclusion could be drawn that Samantha J. *170 Clark was to have a life estate only in all the property, with remainder to her children.
The conclusion is that the will gave to Samantha J. Clark the fee in the 50-acre tract by clear and concise language, and that if the testator intended to cut down the estate granted, the language used is not clear and unequivocal, and, therefore, the claim that Samantha J. Clark took but a life interest in the 50-acre tract cannot be maintained; that the intention of the testator is ascertainable from the will and codicil; that the use of the language, “to Samantha J. Clark and to her children,” gave to each an undivided one-sixth portion of the tract disposed of by the codicil; and that Samantha J. Clark had the fee to the 50-acre tract and a fee in an equal undivided share of the 17.23-acre tract.
The judgment of the court below will be reversed and the cause remanded with instructions to enter a decree according to this opinion.

Judgment reversed, and cause remanded.

Shohl, P. J., and Hamilton, J., concur.