## MERRITT, ADMR., v. CARR ET AL.

*Wills—Life estate to wife with power of sale—Property and proceeds to be part of estate after death—Bequeathed property and proceeds from sale belong to testator's estate—Life tenant's estate entitled to income or property purchased.*

Testator by will gave to his wife his entire estate real and personal, "to use, control, manage and dispose of by deed or deeds as in any manner" she may think best and wish, "during the term of her natural life," and further provided that after the wife's death, "all of the property above bequeathed to her, or the proceeds thereof, again become my estate," and that it be distributed as thereafter directed by the will. *Held:* That such will gives to the wife a life estate in all the real and personal property of testator; that she is entitled to all the income from the estate for life, with power to sell either the realty or personalty; that upon her death all the property bequeathed to her, and the proceeds of any part thereof which she has sold, again become part of the testator's estate; and that the income from the life estate, or property purchased therewith, remains the estate of the life tenant.

(Decided July 9, 1923.)

APPEAL: Court of Appeals for Warren county.

*Mr. Patrick Gaynor,* for plaintiff.
*Mr. Ben Harwitz* and *Mr. E. H. Dell,* for defendants.

BUCHWALTER, J. W. A. Merritt, as administrator *de bonis non,* with the will annexed, of the estate of James D. Harris, deceased, brings this

---

Estates, 21 C. J. § 81; Wills, 40 Cyc. pp. 1415, 1615, 1632, 1830.

action for the construction of the will. The case was heard in the Court of Common Pleas and is now before this court on appeal.

James D. Harris and Cora F. Harris were married in the early seventies and had no children. James D. Harris died February 5, 1904, leaving his widow, Cora F. Harris, who died intestate September 6, 1922.

At the time of his death James D. Harris was possessed of a farm, known as tract No. 1, and also owned personal property, which, after the payment of his indebtedness, was of the appraised value of $2,367.50. The appraised value of tract No. 1, shortly after his death, was $7,200, and at the death of Cora F. Harris was $15,000. This tract was not sold during the lifetime of Cora F. Harris, although she had agreed to sell it and deliver the deed through her agent after her death.

Cora F. Harris, on August 4, 1913, purchased a small house and lot in Harveysburg, Warren county, and took title to same in her own name. This property is known as tract No. 2 and has an appraised value of $750. At the time of her death Cora F. Harris also had chattel property, moneys, bonds, which were registered in her name, United States War Savings certificates, registered in her name, notes, stocks, credits and securities, all taken in her individual name, and which were, we may take it for granted from the evidence, purchased out of the income received by her from the estate of James D. Harris, deceased.

Plaintiff prays for the direction of the court as to his duties:

First: Whether said tract No. 1 belongs to the estate of James D. Harris, deceased.

Second: Whether said tract No. 2, and the notes, bonds, stock, and other personal property, belong to the estate of James D. Harris, deceased, or to the estate of Cora F. Harris, deceased.

All interested persons are made parties defendant and have entered their appearance.

The items of the will of James D. Harris which are in controversy, and of which construction is asked, are as follows:

"Item 2. I give, devise and bequeath to my beloved wife, Cora F. Harris in lieu of her dower or any and all other rights, all entire, my property and estate, real, personal and mixed, to use control, manage and dispose of by deed or deeds as and in any manner or form as she, in her judgment and discretion may think best and wish, during the term of her natural life.

"Item 3. At and after the death of my said wife, I direct that all of the property above bequeathed to her, or the proceeds thereof, again become my estate, and after the payment therefrom of all her just debts, expenses, including the expenses of her last illness and burial, the same shall be converted into money, and all debts paid as above set forth, including the cost of administration. The residue and remainder thereof is to be equally divided, and one-half (1/2) thereof to be paid to my then living heirs and legal representatives; that is to say, the one-third (1/3) of said one-half (1/2) to my brother J. Q. Harris, if living, if not living then to his children; and the remaining two-thirds (2/3) of said one-half (1/2) to my grand niece, Russie Clark if then living. The remaining one-half (1/2) of said residue and remainder is to be given to the then living

heirs and legal representatives of my said wife Cora F. Harris.

"Item 4. I hereby nominate and appoint my said wife Cora F. Harris my executor of this my last will and testament, authorizing and empowering her to sell, dispose of and convey any and all my property as above set forth, to settle, compound, adjust discharge and release any debt owing to my estate. I ask and request that she shall not be required to give bond as executrix, nor to file any inventory of appraisement of my estate, nor to make any settlement with the court in the premises. That upon proof and admission to record of this will, that all my property shall then pass to her as above set forth without the intervention of the court or persons."

The court construes Item 3 to give a life estate in all of the real and personal property of the decedent to Cora F. Harris. Under this clause of the will she would be entitled to the income from said estate for life, and would also have the authority to sell or dispose of any of the real or personal property. See 2 Alexander, Commentaries on Wills, Section 983, page 1426.

The question then arises as to whether by Item 2 this life estate is cut down or qualified in any way. Where there is a devise by clear and unequivocal terms, it cannot be cut down by language in a subsequent clause, not equally clear and certain. See *Collins* v. *Collins*, 40 Ohio St., 353, 364; *Clark* v. *Clark*, 13 Ohio App., 164, 168.

An examination of Item 3 shows that at the death of the wife, all of the property above bequeathed to her, or the proceeds thereof, again became a part of the estate.

The property given to her was tract No. 1 and personalty of the value of $2,367.50. She was given the power, by Item 2, to manage and dispose of any of the property as she might think best, during her lifetime. If she sold the property, then, under Items 2 and 3, the proceeds thereof would remain a part of the estate of James D. Harris. Taking this view, there is no cutting down or taking away from the life estate. The language does not import that income is to be considered proceeds, and it is our view that the income received from the estate belonged to the life tenant, Cora F. Harris, to do with as she chose, and not to become any part of the estate of James D. Harris, deceased.

Tract No. 1, not having been sold, is still a part of the estate of James D. Harris, deceased. Under the terms of the will the administrator is not authorized to make a deed and sell same, nor to transfer the deed already executed by Cora F. Harris, but must proceed to sell the real estate belonging to the estate of James D. Harris under the provisions of the General Code, and make such distribution of the proceeds as is provided for by the will.

We hold that tract No. 2 was the individual property of Cora F. Harris, and becomes a part of her individual estate.

The sum of $2,367.50, which belongs to the estate of James D. Harris, is to be paid to his administrator. The balance of the personal property mentioned, including stocks, bonds, etc., were also the sole property of Cora F. Harris, and are to be distributed as part and parcel of her individual estate.

It has been contended that as Cora F. Harris elected to take under the will she becomes a trustee to hold all of the property, including unused income, and that all is to again become a part of her husband's estate, and *Esman* v. *Esman,* 18 C. C., 603, is cited to sustain that position, yet the will in question there provided that all the property devised and bequeathed, or so much thereof as remains unexpended, is to go to the children, and the court, finding certain parts remaining unexpended and unconsumed, held that it was a trust fund for the children. That, however, is not the situation in the instant case.

Another proposition advanced is that there were mutual wills made by the husband and wife, designated as twin wills, and that there was a mutual understanding and contract that each would dispose of the property in the same manner, and that under that contract Cora F. Harris would be bound by the same provisions in disposing of her own property as were contained in the will of James D. Harris. Without passing on this question, it is sufficient to say that the testimony does not warrant any assumption that there were mutual or twin wills.

A decree may be prepared in accordance with this opinion.

*Decree accordingly.*

CUSHING and HAMILTON, JJ., concur.